NOTICE: All slip opinions and orders are subject to formal revision and are superseded by the advance sheets and bound volumes of the Official Reports. If you find a typographical error or other formal error, please notify the Reporter of Decisions, Supreme Judicial Court, John Adams Courthouse, 1 Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-1030; SJCReporter@sjc.state.ma.us

21-P-679                                              Appeals Court

COMMONWEALTH  vs.  ROBERT E. MCGILLIVARY, JR.

No. 21-P-679.

Essex.       December 13, 2022. – April 19, 2023.

Present:  Sacks, Singh, & Brennan, JJ.


Threatening.  Assault and Battery on Certain Public Officers and Employees.  Mental Impairment.  Criminal Responsibility. Practice, Criminal, Instructions to jury, Request for jury instructions.


Complaint received and sworn to in the Newburyport Division of the District Court Department on December 21, 2018.

The case was tried before Mary F. McCabe, J.


Adriana Contartese for the defendant.
Kayla Johnson, Assistant District Attorney, for the Commonwealth.


BRENNAN, J.  In January 2020, a District Court jury convicted the defendant of threatening to commit an assault and

battery on a police officer under G. L. c. 275, § 2.[1]  On appeal, the defendant challenges the sufficiency of the evidence and the judge's instructions to the jury.  We affirm.

Background.  In the early morning hours of December 20, 2018, Salisbury police responded to a call from the defendant, who told officers he was "mentally unstable" and needed treatment.[2]  Once an ambulance arrived, the defendant decided not to go to the hospital.  After spending approximately twenty minutes with the defendant, police determined that he did not require involuntary hospitalization and allowed him to remain at home.

Later that day, police and other emergency personnel went to the defendant's home for a "well-being" check after a family member called for assistance because of concerns about the defendant's mental health.  When police tried to get his attention, the defendant screamed at them to get off his property, claimed he was "armed to the teeth," and threatened to shoot anyone who came to his door.  The resulting standoff between the defendant and police lasted over eight hours.  During the standoff, the defendant spoke to his cousin several

---

[1] The judge entered a required finding of not guilty at the close of the Commonwealth's case on an additional count that alleged threatening to commit murder.

[2] The police dispatcher believed the defendant wanted a "voluntary psych eval."

times, telling her he "would come out and go in the ambulance, but he wanted someone he trusted there." Ultimately, the defendant was taken into custody by the State police special hostage negotiation and tactical unit.

Discussion. 1. Sufficiency of the evidence. "The elements of threatening a crime include an expression of intention to inflict a crime on another and an ability to do so in circumstances that would justify apprehension on the part of the recipient of the threat." Commonwealth v. Hamilton, 459 Mass. 422, 426-427 (2011), quoting Commonwealth v. Sholley, 432 Mass. 721, 724-725 (2000), cert. denied, 532 U.S. 980 (2001). Actual receipt of a threat by the intended victim is not an element of threatening, nor is causing actual fear in the victim required. See Commonwealth v. Kerns, 449 Mass. 641, 653 (2007) ("The Appeals Court also has recognized that a defendant may be criminally responsible for making a threat to commit a crime, even when the threat fails entirely to reach its intended victim, so long as there is an intent to put the victim in imminent fear"); Commonwealth v. Maiden, 61 Mass. App. Ct. 433, 436 (2004) ("There is no firm basis that we have found for concluding that transmission of the threat to the victim -- i.e., actual receipt by the victim -- is a necessary element of the crime of making a threat. . . . [T]he law seems to be settled that a threat need not cause actual fear or apprehension

in the victim"); Commonwealth v. Hughes, 59 Mass. App. Ct. 280, 283 (2003) (affirming conviction for threats where judge instructed jurors that "[the Commonwealth] must prove beyond a reasonable doubt that the defendant intended the threat to be conveyed . . . so it is necessary for the Commonwealth to prove that he intended that threat to be conveyed to [the victim], whether or not it was").[3]  The defendant does not contend that the evidence fell short as to the required elements.  Instead, he argues that there was insufficient evidence produced by the Commonwealth that he was criminally responsible.  Although the defendant failed to move for a required finding of not guilty and raises the argument for the first time on appeal, "a conviction premised on legally insufficient evidence always creates a substantial risk of a miscarriage of justice." Commonwealth v. DeJesus, 99 Mass. App. Ct. 275, 282 n.14 (2021), S.C., 489 Mass. 292 (2022).

"Where a defendant asserts a defense of lack of criminal responsibility and there is evidence at trial that, viewed in

---

[3] We note that in Commonwealth v. Leonardo L., 100 Mass. App. Ct. 109, 111 (2021), we initially discussed a formulation of threatening that includes "caus[ing] the victim to fear harm," (quoting language from Sholley, 432 Mass. at 727, that was focused on threatening in the context of free speech protections under the First Amendment to the United States Constitution), but clarified that "[t]he law seems to be settled that a threat need not cause actual fear or apprehension in the victim." Leonardo L., supra at 114.

the light most favorable to the defendant, would permit a reasonable finder of fact to have a reasonable doubt whether the defendant was criminally responsible at the time of the offense, the Commonwealth bears the burden of proving beyond a reasonable doubt that the defendant was criminally responsible."[4] Commonwealth v. Lawson, 475 Mass. 806, 811 (2016).  "To meet this burden, the Commonwealth [must] show beyond a reasonable doubt either that [the defendant] had no mental disease or defect or that he had the substantial capacity both to appreciate the wrongfulness of his conduct and to conform his conduct to the requirements of the law."  Commonwealth v. McLaughlin, 431 Mass. 506, 508 (2000).  We "must examine the evidence in the light most favorable to the Commonwealth and determine whether the evidence and the inferences that reasonably could be drawn from it were of sufficient force to permit a rational finder of fact to conclude that the defendant was criminally responsible beyond a reasonable doubt" (quotations and citation omitted).  Lawson, supra at 816.

The jury may consider "evidence of the defendant's words and conduct before, during, and after the offense" in reaching their conclusion on the defendant's sanity.  Lawson, 475 Mass.

---

[4] The Commonwealth correctly conceded at trial that the defendant made the necessary showing to raise criminal responsibility and does not argue otherwise on appeal.

at 816.  Here, viewed in the light most favorable to the
Commonwealth, the evidence would permit a rational fact finder
to infer that (1) the defendant was aware of his own mental
health issues when he called police to request hospitalization
for a mental health evaluation hours before his confrontation
with police; (2) the defendant's threats to shoot anyone who
came to his door were motivated by police officers' refusal to
"get off [his] property" and "leave [him] alone"; (3) the
defendant knew that his threats and conduct toward police were
wrong when he refused to leave his house despite multiple
attempts by police to negotiate with him to come outside; and
(4) the defendant possessed the ability to control his behavior
because, while he was described as "agitated," "angry," and
"yelling" during interactions with the police, he was "calm"
when speaking with his cousin during the standoff.  We are
satisfied that this evidence was sufficient for a rational juror
to conclude that, at the time of the offense, the defendant "had
the substantial capacity both to appreciate the wrongfulness of
his conduct and to conform his conduct to the requirements of
the law."[5]  McLaughlin, 431 Mass. at 508.

---

[5] The defendant's argument that "the jury fail[ed] to
adequately consider the substantial evidence [the d]efendant
presented that he was mentally ill at the time of the offense"
is unavailing.  As we have consistently held, "[t]he weight and
credibility of the evidence is the province of the jury."

2.  Jury instructions.  The defense centered on the
defendant's mental state at the time of the offense.  The
defendant requested that the judge instruct the jury on both
lack of criminal responsibility and mental impairment short of
insanity.  He now argues that the judge combined the
instructions in a manner that was confusing and may have misled
the jury.  We disagree.

"Judges have broad discretion in framing jury instructions,
including determining the appropriate degree of elaboration."
Commonwealth v. Toolan, 490 Mass. 698, 708 (2022).  Here, the
judge first instructed the jury, consistent with the Criminal
Model Jury Instructions for Use in the District Court (Model
Jury Instructions), that the crime of threatening to commit a
crime consisted of four elements, as follows:

> "First, that the defendant expressed an intent to injure a
> person, now or in the future.  Second, that the defendant
> intended that his threat be conveyed to a particular
> person.  Third, that the injury that was threatened, if
> carried out, would constitute a crime.  And, fourth, . . .
> that the defendant made the threat under circumstances
> which could reasonably have caused the person to whom it
> was conveyed to fear that the defendant had both the
> intention and the ability to carry out the threat."

See Instruction 6.700 of the Model Jury Instructions (2013).

Commonwealth v. Dubois, 451 Mass. 20, 28 (2008).  We decline to
substitute our judgment for that of the jury.

Immediately following that instruction, the judge moved on to lack of criminal responsibility. Once again relying on Instruction 6.700, the judge stated in relevant part:

> "A person is lacking in criminal responsibility if he has a mental disease or defect; and, as a result of that mental disease or defect, either is substantially unable to appreciate the criminality, the wrongfulness, of his conduct, or he is substantially unable to conform his conduct to the requirements of the law. The defendant's mental condition must have been such that he was unable to realize that his behavior was wrong or was unable to make himself behave as the law required."[6]

The judge then instructed the jurors on mental impairment short of insanity, or as she described it, "a mental impairment that does not rise to the level of lack of criminal responsibility." See Instruction 9.220 of the Model Jury Instructions (2009). The judge told the jurors that the instruction "may be relevant to your deliberations on the issue

---

[6] The version of the Model Jury Instruction used by the judge included an instruction that the jurors could infer that most people are sane. See Instruction 9.200 of the Model Jury Instructions (2009). The Supreme Judicial Court has ruled that such an instruction should not be given. See Lawson, 475 Mass. at 815 n.8 (given its "meager weight," judges "should not instruct juries regarding this inference"). We note that the most recent iteration of the instruction on lack of criminal responsibility, Instruction 9.200 (2022), eliminates the inference of sanity language and contains a reference in note 5 to the holding in Lawson but not a specific admonition not to instruct jurors on the inference of sanity. As the defendant neither objected at trial nor raised this issue on appeal, we need not address it further. See Mass. R. A. P. 16 (a) (9) (A), as appearing in 481 Mass. 1628 (2019) ("The appellate court need not pass upon questions or issues not argued in the brief").

of whether the defendant had the criminal intent that is required for a conviction."  By agreement of the parties, the judge modified the instruction by replacing the language regarding specific intent with a summary repetition of the elements of threatening to commit a crime, followed by an instruction on general intent.[7]

Mental impairment short of insanity may bear on a person's ability to form specific intent, and thus it is relevant to crimes that require specific intent, but it is not relevant where a crime requires only general intent.  See Commonwealth v. McNulty, 458 Mass. 305, 325 (2010).  Here, no instruction on mental impairment short of insanity was required because threatening is a crime of general intent.  General Laws c. 275, § 2, which criminalizes "threaten[ing] to commit a crime against the person or property of another," does not require a specific intent that the object of the threat be placed in fear.  Instead, the elements of the crime require only the general intent to communicate a threat.  See Sholley, 432 Mass. at 724-725 ("The elements of threatening a crime include an expression

_____

[7] With regard to the word "intentionally," the judge instructed the jurors that they "should give that word its ordinary meaning of acting voluntarily and deliberately and not because of accident or negligence.  It's not necessary that the defendant knew he was breaking the law, but it is necessary that he intended the act to occur which constitutes the offense." See Instruction 3.120 of the Model Jury Instructions (2009).

of intention to inflict a crime on another and an ability to do so in circumstances that would justify apprehension on the part of the recipient of the threat" [citation omitted]); Commonwealth v. Hokanson, 74 Mass. App. Ct. 403, 407 (2009) ("when a defendant utters a threat to a third party who 'would likely communicate it to [the ultimate target],' . . . the defendant's act constitutes evidence of [his] intent to communicate the threat to the intended victim" [citation omitted]).[8]  Compare Commonwealth v. Pfeiffer, 482 Mass. 110, 115, cert. denied, 140 S. Ct. 498 (2019) (specific intent crimes require proof that defendant not only consciously intended to take certain actions, but also consciously intended certain consequences).  Any possible flaw in the judge's instruction on mental impairment short of insanity could not have prejudiced the defendant, where he was not entitled to the instruction at

_____

[8] In Hokanson, our reference in dictum to "look[ing] at more than a defendant's specific intent that his threats be made to the target," Hokanson, 74 Mass. App. Ct. at 406 n.5, does not contradict our conclusion here that threatening to commit a crime requires only a general intent.  The necessary intent is to communicate a threat to a target, either directly or indirectly, through a third party; communication is not a consequence of the type that could make threatening a specific intent crime.  That communication is at times expressed in passive language, particularly regarding threats made through third parties (i.e., intent that the threat "be communicated") does not convert intending the act of conveying a threat into intending a particular consequence in the specific-intent sense. See Commonwealth v. Pfeiffer, 482 Mass. 110, 115, cert. denied, 140 S. Ct. 498 (2019).

all; that the judge gave the instruction provided the defendant "more protection than the law afforded him."  Commonwealth v. Simpson, 434 Mass. 570, 589-590 (2001).[9]

Ultimately, we are satisfied that "the judge's instructions adequately distinguished between the concepts of mental disease or defect and mental impairment," Toolan, 490 Mass. at 709, and provided the jury with sufficient guidance on when and how to apply each concept, without confusing the two.  Although instructing the jury on mental impairment short of insanity was error, the defendant has failed to demonstrate a substantial risk of a miscarriage of justice.  See Commonwealth v. Leary, 92 Mass. App. Ct. 332, 342 (2017) (error in jury instruction occasioned by defendant's own request reviewable only for substantial risk of miscarriage of justice).

Judgment affirmed.

---

[9] Although the defendant asserted at oral argument that threatening to commit an assault and battery is a specific intent crime, he agreed with the judge's instruction at trial and wrote in his brief that it "is a crime of general intent or specific intent."  See Mass. R. A. P. 16 (a) (9) (A).  "Such a challenge does not rise to the level of adequate appellate argument."  Commonwealth v. Hiskin, 68 Mass. App. Ct. 633, 634 n.2 (2007).